**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ANNIE LUCILE LIVINGSTON,

    Plaintiff - Appellant,

v.

UNIVERSITY OF KANSAS
HOSPITAL AUTHORITY,

    Defendant - Appellee.

No. 20-3075
(D.C. No. 2:18-CV-02210-KHV)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH,** Circuit Judge, **LUCERO,** Senior Circuit Judge, and
**PHILLIPS**, Circuit Judge.
_____

    This appeal involves the scope of a district court's discretion over

when to allow amendment of a brief. The issue emerged from the parties'

briefing of a summary-judgment motion. The plaintiff (Ms. Annie Lucile

Livingston) objected to the defendant employer's motion for summary

---

[*]    Both parties waive oral argument, and it would not materially help us
to decide the appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).
So we have decided the appeal based on the record and the parties' briefs.

    Our order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate under Fed. R. App. P. 32.1(a) and 10th Cir. R.
32.1(A).

judgment, but then wanted to amend her objection. The district court denied permission to amend the response brief and granted the employer's summary-judgment motion. Ms. Livingston appeals the denial of permission to amend the response (but not the summary-judgment ruling itself).

In considering this ruling, we apply the abuse-of-discretion standard. *Quigley v. Rosenthal*, 427 F.3d 1232, 1237 (10th Cir. 2005). Under this standard, legal errors constitute an abuse of discretion. *El Encanto, Inc. v. Hatch Chile Co.*, 825 F.3d 1161, 1162 (10th Cir. 2016) (Gorsuch, J.). So our threshold issue is whether the district court committed a legal error.

Ms. Livingston argues that the district court legally erred in applying the wrong test. She filed her initial objection on the last day to respond to the summary-judgment motion. So her initial objection was timely, but any amendment would have been late. She therefore needed an extension of time to amend the objection.

So when Ms. Livingston asked for leave to amend her response brief, the district court considered Federal Rule of Civil Procedure 6(b) and District of Kansas Rule 6.1. Ms. Livingston argues that the court should instead have considered Federal Rule of Civil Procedure 15, which governs amendment of pleadings.

But an objection to a summary-judgment motion is not a pleading. "Pleadings" are defined in Federal Rule of Civil Procedure 7, and this

2

definition includes complaints, answers, counterclaims, cross-claims, and replies to answers. Ms. Livingston didn't want to amend any of those documents; she wanted to amend an objection to a summary-judgment motion, and objections like this one fall outside of Rule 15. *See Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1177 (10th Cir. 2005). The district court thus properly considered whether to grant an extension of time under Federal Rule of Civil Procedure 6(b) and District of Kansas Rule 6.1.

In applying these rules, we must determine whether the district court abused its discretion. *Quigley*, 427 F.3d at 1237. For this determination, we consider the timing of Ms. Livingston's request. By the time she requested the extension, her deadline had already expired. So she needed to show excusable neglect. Fed. R. Civ. P. 6(b)(1)(B); D. Kan. R. 6.1(a). The existence of excusable neglect is an equitable inquiry, requiring consideration of all of the relevant circumstances. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include

1. the danger of prejudice to the adversary,

2. the extent of the delay and potential effect on the proceedings,

3. the reasons for delay (including whether these reasons are within the movant's "reasonable control"), and

4. the existence of good faith on the part of the movant.

*Id.*

3

The district court found that

- the fourth factor (good faith) favored an extension and

- the other three factors weighed against an extension.

The court acted reasonably in weighing the four factors.

Like the district court, we conclude that Ms. Livingston acted in good faith.

But the court could reasonably consider an extension prejudicial to the employer. Once Ms. Livingston filed her initial objection, the employer had 14 days to reply. D. Kan. R. 6.1(d)(2). The employer's task was considerable, for Ms. Livingston's objection spanned 79 pages and included 40 exhibits. After the employer had spent considerable time preparing a reply, Ms. Livingston asked for the extension.

Ms. Livingston had already received three extensions, providing a total of 45 days to object to the summary-judgment motion. On the third extension, the court stated that it would not grant any additional time for the response brief. So Ms. Livingston filed the response on November 15, 2019. The employer began working on a reply and obtained an extension until December 9, 2019.

With the extended reply deadline only four days away, Ms. Livingston sought an extension to amend her response. With no ruling on the request for an extension, the employer filed a 128-page reply brief. If the district court had granted Ms. Livingston's request for an extension,

4

the employer would have needed to redo its reply brief. The task would have been considerable: Ms. Livingston's proposed amendment would have added over 100 alleged facts, 69 pages, and 76 exhibits. Redoing the reply brief would have required the employer to incur substantial attorney fees.

Given the cost to the employer, the court considered Ms. Livingston's control over the timing of her request. When she sought an extension, she explained that she had severely underestimated the time needed to properly respond to the employer's summary-judgment motion. But when she filed her 79-page response, she surely knew by then if she'd need more time to fix any deficiencies. But she said nothing.

Seventeen days after she filed the response, the employer asked for extra time to reply. Ms. Livingston could have interjected, pointing out that she was hoping for a chance to amend her response brief. But she again said nothing, and the employer continued working on the reply brief. The employer had no way of knowing that much of its work would be wasted if Ms. Livingston were to amend her response brief. So the court reasonably considered Ms. Livingston's control over the reasons for the delay.

Ms. Livingston does not address the district court's weighing of the four factors. She instead points out that she is pro se, facing a considerable burden in fashioning a summary-judgment response. We sympathize with Ms. Livingston and recognize the difficulty that she faces. But we must

5

follow our precedents, which require pro se parties to comply with our procedural rules just like any other litigant. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And under those rules, inadvertence or lack of knowledge doesn't constitute excusable neglect. *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005).

\* \* \*

We conclude that the district court reasonably exercised its discretion in disallowing leave to amend the response brief.

Affirmed.

Entered for the Court


Robert E. Bacharach
Circuit Judge